IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR C. RUPERT, LINDA K. AUSTIN,
LARRY L. CAMPBELL, KENNETH J. HUNT
and WADE C. BITTNER, individually and on              07cv0705
behalf of all others similarly situated,              **ELECTRONICALLY FILED**

        Plaintiffs,

  v.

PPG INDUSTRIES, INC.,

        Defendant.

### MEMORANDUM ORDER

Before the Court is plaintiffs' motion to dismiss defendant's counterclaim and to strike affirmative defenses (doc. no. 32). Plaintiffs have moved to dismiss defendant's counterclaim and to strike defendant's second and fourth defenses.[1] In its counterclaim, defendant asserts claims for breaches of various separation agreements and releases by plaintiffs (breach of contract). In its second defense, defendant asserts that the claims of plaintiffs are barred in whole or in part by the doctrines of waiver and/or release. Plaintiffs seek to dismiss the counterclaim and to strike the second affirmative defense on the basis that the releases signed by plaintiffs are invalid and unenforceable because they fail to comply with the Older Workers Benefits Protection Act (OWBPA).

---

[1] Based upon plaintiffs' dismissal of Count III of the amended complaint, defendant has agreed to withdraw its fourth defense related to ratification/tender back. Accordingly, this Order addresses only defendant's counterclaim and second defense.

The purpose of a motion to dismiss is to test the sufficiency of a complaint, or in this case, a counterclaim, and not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). When considering a motion to dismiss, the Court must accept as true all allegations in the counterclaim and must draw all reasonable factual inferences in the light most favorable to the non-moving party. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir.1994). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the Court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the party "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "An affirmative defense is insufficient if it is not

2

recognized as a defense to the cause of action." *Total Containment, Inc. v. Environ Products, Inc.,* No. 91-7911, 1992 WL 208981 at *1 (E.D.Pa., August 19, 1992).

"A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f). " *River Road Devel. Corp. v. Carlson Corp.*, No. 89-7037, 1990 WL 69085 at *2 (E.D.Pa., May 23, 1990). However, motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Id., citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* at 1382 (1969); see also *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir.1986); *Glenside West Corp. v. Exxon Co., U.S.A., Div. of Exxon Corp.*, 761 F.Supp. 1100, 1115 (D.N.J.1991).

"Partly because of the practical difficulty of deciding cases without a factual record it is well established that striking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *United States v. Consolidation Coal Co.,* No. 89-2124, 1991 WL 333694 at *1 (W.D.Pa., July 5, 1991). "[A] court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent'." *FDIC v. White*, 828 F.Supp. 304, 307 (D.N.J.1993), quoting *Cipollone*, 789 F.2d at 188.

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that defendants will be able to state no set of facts in support of its counterclaim for breach of contract or that the defendant's second defense of waiver/release has no possible relation to the controversy, may cause prejudice to the plaintiffs, or will confuse the issues. Moreover, the Court notes that it has previously ordered the parties to conduct discovery on the issue of waiver/release (see doc. no. 24). Accordingly,

**AND NOW, this 23rd day of October, 2007,** after due consideration of plaintiffs' motion to dismiss the counterclaim and to strike defenses, defendant's response thereto, and the memoranda of law in support and in opposition thereto,

**IT IS HEREBY ORDERED** that said motion to dismiss (Document No. 32) **IS DENIED** without prejudice to plaintiffs' raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

                                                                         SO ORDERED this 23rd day of October, 2007.

                                                                         s/Arthur J. Schwab
                                                                         Arthur J. Schwab
                                                                         United States District Judge

cc:    All counsel of record