IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR C. RUPERT, LINDA K. AUSTIN, LARRY L. CAMPBELL, KENNETH J. HUNT and WADE C. BITTNER, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PPG INDUSTRIES, INC.,<br><br>　　　　Defendant. | 07cv0705<br>**ELECTRONICALLY FILED**<br>**LEAD CASE** |
| ARTHUR C. RUPERT, LINDA K. AUSTIN, LARRY L. CAMPBELL, KENNETH J. HUNT, WADE C. BITTNER on behalf of themselves and all others similarly situated,<br><br>　　　　Consolidated Plaintiffs,<br><br>　　v.<br><br>PPG INDUSTRIES, INC.,<br><br>　　　　Consolidated Defendants. | 08cv0616 |

**ORDER OF COURT REJECTING THE SPECIAL MASTER'S REPORT AND RECOMMENDATION (DOC. NO. 125) AND SUSTAINING DEFENDANT'S OBJECTIONS THERETO (DOC. NO. 129); AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS LIMITING TEMPORAL SCOPE OF PLAINTIFFS' CLAIMS (DOC. NO. 73)**

**I. Ruling and Background**

This Court, for the reasons set forth below, finds that any plaintiff in this case (or possible

opt-in plaintiff (if this Court would determine in the future that this case may proceed as a collective action) may not state an actionable cause of action that accrued earlier than December 31, 2005.

By way of background, plaintiffs allege that defendant PPG Industries Inc. systematically "discriminate[d] against its older workforce in conducting [r]eductions-in-[f]orce . . . and forced retirements over an extended period of time." *First Am. Compl.* ¶ 9 (doc. no. 13). They claim this "systemic age discrimination began at or about the time [Raymond] Leboeuf became CEO" which they allege was in or around 1997. *Id.* ¶¶ 23, 66. PPG's employment of the named plaintiffs terminated in January and February 2006. Plaintiffs Rupert, Austin, Hunt and Bittner learned of their employment terminations in late January 2006. *Id.* ¶¶ 93, 115, 156, 169. Plaintiff Campbell learned that his employment termination would occur in late February 2006. *Id.* ¶ 132, 139.

The ADEA requires an EEOC charge to be filed, in a deferral state like Pennsylvania, within 300 days of when a cause of action accrues. In an ADEA collective action, the claims of any opt-in plaintiffs must accrue during the charge-filing period applicable to the earliest-filed charge properly raising class claims from a representative plaintiff. The first amended complaint alleges that the earliest charge filed by a named plaintiff was filed by Rupert on October 25, 2006. Thus, this action, for the sake of this pending Motion for Summary Judgment, may not include any claim accruing more than 300 days earlier than October 25, 2006 - - in other words, not before December 31, 2005.

## II. Special Master's Report and Recommendation

The Special Master recommended that Defendant's Motion for Judgment on the Pleadings Limiting Temporal Scope of Plaintiffs' Claims (doc. no. 73) be denied. While this Court adopted every other Report and Recommendation (doc. nos. 123, 124, and 126) of the Special Master in this case (see doc. no. 133), this Court disagrees with the Special Master's conclusion in the Report and Recommendation (doc. no. 125) relating to the issue of the temporal scope of plaintiffs' claims.

## III. Analysis of this Court

This Court agrees with defendant's argument as set forth in its Brief in Support of Motion for Judgment on the Pleadings Limiting Temporal Scope of Plaintiffs' Claims (doc. no. 74) that opt-in plaintiffs, who did <u>not</u> file EEOC charges, may only allege claims that accrued within the 300 days preceding the earliest-filed representative charge - - which in this case is Plaintiff Rupert's charge - - and that equitable tolling is not available to resurrect claims that had expired before the earliest representative claim was filed.  See *Jones v. Firestone Tire and Rubber Co., Inc.*, 977 F.2d 527, 532 (11th Cir. 1992) (under single-filing rule, filing and non-filing plaintiffs' claims must have arisen from "similar discriminatory treatment in the same time frame"). Because Rupert filed his EEOC charge on October 25, 2006, no plaintiff may opt-in to the instant class action lawsuit if his or her claim accrued before December 31, 2005.

Plaintiffs, on the other hand, argue that any former employee who meets the requirements for equitable tolling set forth in *Ruehl v. Viacom, Inc.*, 500 F.3d 375 (3d Cir. 2007) should be permitted to opt-in regardless of when his or her employment was terminated.  However, this

Court finds that the doctrine of equitable tolling cannot be so applied to the instant lawsuit.

"Equitable tolling functions to stop the statute of limitations from running where the [ADEA] claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). The requirements for equitable tolling in an employment discrimination case are: "(1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge[;] (2) this deception *caused* the plaintiff's non-compliance with the limitations provision[;]" and (3) the plaintiff must "demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." *Ruehl*, 500 F.3d at 384. However, as defendant correctly points out in its Objections (doc. no. 129), equitable tolling is not available to non-filing plaintiffs whose claims did not accrue in the "same filing period" as the filing plaintiff.

This Court agrees with the analysis in *Thiessen v. General Electric Capital Corp.*, 996 F.Supp. 1071, 1077 (D. Kan. 1998), wherein the district court found that "the vast majority of circuit courts . . . apply the single-filing rule only to those plaintiffs whose claims arise in the 'same time frame' as the filing plaintiff or who could have filed timely EEOC charges on the date which the filing plaintiff actually filed his or her EEOC charge." Furthermore, the *Thiessen* court rejected the plaintiff's argument that equitable tolling "should apply to modify the limitations period for those opt-in plaintiffs who could not have filed a timely charge of discrimination at the time" of the representative charge. *Id*. Although the Special Master cited the *Thiessen* case for the notion that equitable tolling does apply to opt-ins whose claims expired before the representative plaintiff's claim was filed, in the context of the single-filing rule, this Court finds that said case does not so hold. To the contrary, the *Thiessen* case permitted to join

in the action "only those similarly situated opt-in plaintiffs who could have filed timely EEOC charges on the date Mr. Thiessen filed his charge . . . ." *Id*. at 1078.

In *Zipes v. Trans World Airlines, Inc. Independent Federation of Flight Attendants*, 455 U.S. 385, 393 (1982), the United States Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional pre-requisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Plaintiffs claim in their brief (doc. no. 93 at 2) that this statement entitles opt-in plaintiffs to the benefits of equitable tolling and that no cases can be found to suggest otherwise. However, neither argument is correct. First, the Court in the *Zipes* case stated that "filing a timely charge of discrimination" is subject to equitable tolling, not that an opt-in plaintiff can use the doctrine to resurrect a time-barred claim for which he or she has filed no EEOC charge. *See* Defendant's Objections, doc. no. 129, p. 5. Second, the *Thiessen* case and the authorities cited therein certainly suggest that opt-in plaintiffs cannot use the doctrine without themselves filing EEOC charges. 996 F.Supp. at 1077. Plaintiffs further cite *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir. 1977) in support of their argument. However, the *Bonham* court was not faced with a class action lawsuit, let alone potential opt-in plaintiffs, when it stated that "cases may arise where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights." *Id.* at 193; *contra.* Plaintiff's Brief, doc. no. 93, p. 2 (adding "[opt-in]" before the word "plaintiff" in the quoted sentence).

The rule that applies in this case can be found in *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1220 (11th Cir. 2001), where it was stated that the "rearward scope of an ADEA opt-in action should be limited to those plaintiffs who allege discriminatory treatment within 180 or

300 [in a deferral state] days before the representative charge is filed," i.e., in "the same time frame." Again, this ruling would limit opt-in plaintiffs in the instant lawsuit to those whose claims accrued after December 31, 2005. See also *Thiessen*, 996 F.Supp. at 1076-77 (collecting cases); *Mazzare v. Burroughs Corp.*, 473 F.Supp. 234, 239-40 (E.D. Pa. 1979) (district court rejected argument of employee who untimely filed an EEOC charge that his limitations period was equitably tolled by the filing of a class action lawsuit against the employer by another employee).

For the foregoing reasons, the Court rejects the Special Master's Report and Recommendation at Document No. 125, sustains defendant's Objections (doc. no. 129) thereto, and GRANTS defendant's Motion for Judgment on the Pleadings Limiting Temporal Scope of Plaintiffs' Claims (doc. no. 73). Therefore, this action shall not include any claims accruing before December 31, 2005.

**SO ORDERED** this 27th day of February, 2009.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties