IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR C. RUPERT, LINDA K. AUSTIN, LARRY L. CAMPBELL, KENNETH J. HUNT and WADE C. BITTNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | 07cv0705<br>**ELECTRONICALLY FILED**<br>**LEAD CASE** |
| ARTHUR C. RUPERT, LINDA K. AUSTIN, LARRY L. CAMPBELL, KENNETH J. HUNT, WADE C. BITTNER on behalf of themselves and all others similarly situated,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Consolidated Defendants. | 08cv0616 |

**ORDER OF COURT**

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs of Litigation (doc. no. 135) seeking attorneys' fees based upon this Court's ruling on February 26, 2009 in Plaintiffs' favor on Defendant's Counterclaim which sought to enforce the releases it had entered into with plaintiffs. The terms of the releases with regard to attorneys' fees provide:

> In the event that either party materially breaches this Agreement and the other party commences a civil action to enforce the Agreement or for its breach, the non-prevailing party in such action shall reimburse the prevailing party for the litigation costs, including attorney's fees, incurred in connection with such civil

action.

By Order of February 26, 2009 (doc. no. 133), this Court adopted the Special Master's Report and Recommendation with regard to the releases, but the grant of Plaintiffs' motion for summary judgment on PPG's counterclaim did not rest on a finding of a material breach. The Court's determination was that PPG could not, as a matter of law, enforce the ADEA waivers in the contracts. Plaintiffs had not asserted that PPG materially breached the release contracts and, although PPG asserted that plaintiffs had breached the release contracts, the Court found instead that the releases were invalid under the ADEA. Thus, under the plain terms of the fee recovery provision of the releases, attorneys' fees and costs of defending the Counterclaim are not permitted in the absence of material breach.

Morever, the Court finds, after careful consideration of Plaintiffs' motion for attorneys' fees and Defendant's Opposition thereto (doc. no. 141), that any claim for attorneys' fees under the ADEA is premature. Accordingly,

to the extent Plaintiffs' Motion for Attorneys' Fees and Costs of Litigation (doc. no. 135) seek attorneys' fees as prevailing parties under the release provisions, said motion is DENIED with prejudice; to the extent the motion may be read as seeking attorneys' fees under the ADEA, said motion is premature and is DENIED without prejudice.

**SO ORDERED** this 24th day of March, 2009.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc: All Registered ECF Counsel and Parties