IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR C. RUPERT, LINDA K. AUSTIN, LARRY L. CAMPBELL, KENNETH J. HUNT and WADE C. BITTNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | 07cv0705<br>**ELECTRONICALLY FILED**<br>**LEAD CASE** |
| ARTHUR C. RUPERT, LINDA K. AUSTIN, LARRY L. CAMPBELL, KENNETH J. HUNT, WADE C. BITTNER on behalf of themselves and all others similarly situated,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Consolidated Defendants. | 08cv0616 |

**MEMORANDUM ORDER DENYING DEFENDANT'S "MOTION
FOR JUDGMENT ON THE PLEADINGS AS TO
COUNT I OF AMENDED COMPLAINT (DOC. 13)" (DOC. NO. 266).**

Before the Court is defendant PPG Industries, Inc.'s ("PPG"'s ) "Motion for Judgment on the Pleadings As to Count I of Amended Complaint (Doc. 13)." (Doc. No. 266). PPG seeks Judgment as to Count I of the Amended Complaint which alleges a class-based, pattern-or-practice disparate treatment age discrimination claim under the ADEA. Defendant asserts that the pattern-or-practice framework is a Title VII concept which differs substantially from the

*McDonnell Douglas* proof allocation applicable to single-plaintiff disparate treatment claims,[1] and that the Supreme Court's recent decision in *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (June 18, 2009), on the allocation of the burden of proof in ADEA disparate treatment cases precludes application of the pattern-or-practice framework under the ADEA.

Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings (Doc. No. 278) opposes defendant's "attempt to persuade this Court to legislate from the bench, by abandoning the language of the ADEA and decades of jurisprudence" which authorize collective actions for intentional discrimination. AARP, a nonpartisan, nonprofit membership organization of over 40 million persons age 50 and older dedicated to addressing the needs and interests of older Americans, sought leave to intervene and file an *Amicus* Brief in support of plaintiffs' opposition to judgment on the pleadings, which this Court granted. AARP asserts that PPG's Motion for Judgment on the Pleadings is "an ill-advised invitation to this Court to inappropriately expand the Supreme Court's narrow holding in *Gross* . . . to thwart the ability of older workers to seek legal recourse for age discrimination in the workplace." *Amicus* Brief (Doc. No. at 286), at 2.

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is considered using the same standards as when considering a motion to dismiss under Rule 12(b)(6). *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir.1986). In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951. It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977). The question is not whether the

plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007). Instead, the court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of plaintiffs' Amended Complaint, when taken as true, meet the standards as

enunciated in *Twombly* and *Iqbal* at this very preliminary point of the proceedings.  While PPG's Motion for Judgment on the Pleadings seeks a ruling on a question of law, this Court deems it premature to decide the matter at this stage of the proceedings.  Accordingly,

**AND NOW, this 28th day of October, 2009, IT IS HEREBY ORDERED** that PPG's "Motion for Judgment on the Pleadings As to Count I of Amended Complaint (Doc. 13)." (Doc. No. 266) **IS DENIED**, without prejudice to defendant's raising the issues set forth therein in a motion for summary judgment.

                                                s/Arthur J. Schwab  
                                                Arthur J. Schwab  
                                                United States District Judge

cc:     all counsel of record