IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR C. RUPERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:07-cv-00705 |
| | ) | |
| v. | ) | Judge Arthur J. Schwab |
| | ) | |
| PPG INDUSTRIES, INC., | ) | *ELECTRONICALLY FILED* |
| | ) | *LEAD CASE* |
| Defendant. | ) | |

----------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| ARTHUR C. RUPERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:08-cv-00616 |
| | ) | |
| v. | ) | |
| | ) | |
| PPG INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 20th day of December, 2009, it is hereby ORDERED,

ADJUDGED and DECREED that:

1.      In this action, the Court conditionally certified under 29 U.S.C. § 216(b)

plaintiffs' claims against defendant under the Age Discrimination in Employment Act of 1967, as

amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). Defendant asserts counterclaims against 60 of the

61 plaintiffs for unjust enrichment and promissory estoppel (plaintiff Mathew Miller is not a

counterclaim defendant.)

2.      The parties have informed the Court that they have agreed on settlement terms for

the entirety of this action, including all claims by all parties.

3.      The parties have informed the Court that the settlement terms include no provision for non-monetary equitable or injunctive relief, or that would require continued legal proceedings or ongoing supervision by the Court.

4.      Plaintiffs' counsel has represented to the Court that all 61 plaintiffs are fully informed about the settlement, consent to the terms and have authorized the original named plaintiffs and plaintiffs' counsel to effect the settlement.

5.      The parties stipulate that the settlement class as to plaintiffs' ADEA claims is the 58 former PPG employees who filed consents to join this action, and that the original named plaintiffs are authorized to conclude settlement terms herein on behalf of all plaintiffs.

6.      Legal fees and costs are not awarded to any party except as set forth in the parties' settlement agreement.

7.      Plaintiffs' claims in Case Nos. 2:07-cv-00705 and 2:08-cv-00616, and defendant's counterclaims in Case No. 2:07-cv-00705 are dismissed with prejudice.

8.      The Clerk shall remove this case from the docket for administrative purposes.

9.      In the event any party fails to effectuate the settlement terms, the case may be reinstated to the docket upon request of any party for any required proceedings related to the settlement agreement.

Arthur J. Schwab
United States District Judge

-2-